UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

SARAH E. JONES,

    Plaintiff,

vs.

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.

Case No. 3:15-cv-00428

District Judge Thomas M. Rose
Magistrate Judge Michael J. Newman

---

**REPORT AND RECOMMENDATION[1] THAT: (1) THE ALJ'S NON-DISABILITY FINDING BE FOUND UNSUPPORTED BY SUBSTANTIAL EVIDENCE, AND REVERSED; (2) THIS MATTER BE REMANDED TO THE COMMISSIONER UNDER THE FOURTH SENTENCE OF 42 U.S.C. § 405(g) FOR PROCEEDINGS CONSISTENT WITH THIS OPINION; AND (3) THIS CASE BE CLOSED**

---

This is a Social Security disability benefits appeal. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Supplemental Security Income ("SSI") and/or Disability Insurance Benefits ("DIB").[2] This case is before the Court upon Plaintiff's Statement of Errors (doc. 10), the Commissioner's memorandum in opposition (doc. 11), Plaintiff's reply (doc. 12), the administrative record (doc. 5), and the record as a whole.[3]

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] "The Commissioner's regulations governing the evaluation of disability for DIB and SSI are identical . . . and are found at 20 C.F.R. § 404.1520, and 20 C.F.R. § 416.920 respectively." *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). Citations in this Report and Recommendation to DIB regulations are made with full knowledge of the corresponding SSI regulations, and *vice versa*.

[3] Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number.

## I.

**A. Procedural History**

Plaintiff filed applications for SSI and DIB asserting disability as of January 1, 2008. PageID 286-96. Plaintiff claims disability as a result of a number of impairments including, *inter alia*, obesity, asthma, and chronic obstructive pulmonary disease. PageID 59-60, 150-51.

Plaintiff's applications were denied initially and on reconsideration. PageID 187-93, 196-201. Following a hearing, ALJ Irma Flottman issued a decision finding Plaintiff not disabled. PageID 118-48, 155-81. The Appeals Council remanded the case based on ALJ Flottman's analysis of Plaintiff's past relevant work experience. PageID 182-85.

Plaintiff received a second hearing before ALJ Emily Status on June 10, 2014. PageID 57. ALJ Status issued a written decision on August 11, 2014 also finding Plaintiff not disabled. PageID 57-73. Specifically, ALJ Status found as follows:

1. The claimant meets the insured status requirements of the Social Security Act through June 30, 2012.

2. The claimant has not engaged in substantial gainful activity since January 1, 2008, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).

3. The claimant has the following severe impairments: obesity; asthma; chronic obstructive pulmonary disease; arthritis; bipolar disorder; panic disorder; post-traumatic stress disorder (PTSD); history of polysubstance abuse; organic mood disorder; multi-level discogenic disease of the thoracic spine; multi-level degenerative changes/degenerative disc disease of lumbar spine; carpal tunnel syndrome, status post carpal tunnel release on left; right 5th finger amputation; migraine headaches; two small intracranial aneurysms status post coiling; stable aneurysm, and mitral valve prolapse (20 CFR 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and

2

416.926).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity ["RFC"] to perform light work[4] as defined in 20 CFR 404.1567(b) and 416.967(b). This individual could lift[] and/or carry[] 20 pounds occasionally, and 10 pounds frequently; sit about 6 hours in an 8 hour workday; stand and or walk about 6 hours in an 8 hour workday; no limitations pushing and/or pulling; frequent climbing of ladders, ropes or scaffolds; frequent balancing, stooping, kneeling, crouching and crawling; frequent, but not constant handling and fingering, bilaterally; avoiding a concentrated exposure to the extremes of heat, cold, wetness or humidity; avoiding a concentrated exposure to irritants such as fumes, dusts, gases, or odors; avoiding dangerous machinery or unprotected heights; and performing unskilled work with no strict time standards or schedules, with occasional interaction with the public or coworkers and no teamwork.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

7. The claimant was born [in] 1960 and was 47 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date. The claimant subsequently changed age category to closely approaching advanced age (20 CFR 404.1563 and 416.963).

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is 'not disabled,' whether or not the claimant has transferable job skills (*See* SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and [RFC], there are jobs that exist in significant numbers in the national

---

[4] The Social Security Administration ("SSA") classifies jobs as sedentary, light, medium, heavy, and very heavy depending on the physical exertion requirements. 20 C.F.R. § 404.1567. Light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" and "requires a good deal of walking or standing, or . . . sitting most of the time with some pushing and pulling of arm or leg controls." *Id.* § 404.1567(b). An individual who can perform light work is presumed also able to perform sedentary work. *Id.* Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties." *Id.* § 404.1567(a).

      economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).

11.    The claimant has not been under a disability, as defined in the Social Security Act, from January 1, 2008, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

PageID 57-73.

Thereafter, the Appeals Council denied review on October 6, 2015 making ALJ Status's non-disability finding the final administrative decision of the Commissioner. PageID 45. Plaintiff then filed this timely appeal of ALJ Status's decision. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007) (noting that, "[u]nder the Federal Rules of Appellate Procedure, [claimant] had 60 days from the Appeals Council's notice of denial in which to file his appeal").

### B.    Evidence of Record

In her decision, ALJ Status set forth a detailed recitation of the underlying medical evidence in this case. PageID 60-65. Plaintiff, in her Statement of Errors, also summarizes the evidence of record. Doc. 10 at PageID 1410-12. The Commissioner, in response to Plaintiff's Statement of Errors, defers to ALJ's recitation of the evidence and presents no objection to Plaintiff's summary. Doc. 11 at PageID 1430. Except as otherwise noted herein, the undersigned incorporates the summary of evidence as set forth by ALJ and Plaintiff.

### II.

### A.    Standard of Review

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. § 405(g); *Bowen v. Comm'r of Soc. Sec.,* 478 F.3d 742, 745-46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

4

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id.* at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

**B.  "Disability" Defined**

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id.*

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?

2. Does the claimant suffer from one or more severe impairments?

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 404.1520(a)(4); *see also Miller v. Comm'r of Soc. Sec.,* 181 F. Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing disability under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

### III.

In her Statement of Errors, Plaintiff argues that the ALJ failed to properly: (1) weigh the medical and other source opinion evidence of record; and (2) conduct an appropriate analysis at Steps Two and Four regarding her impairments and RFC. Doc. 10 at PageID 1413-27.

A. **Opinion Evidence**

In her first assignment of error, Plaintiff contends that the ALJ erred in weighing opinion evidence, including opinions offered by treating physicians Robert Margolis, M.D. and Donald L. Turner, D.O.; and treating mental health counselor John E. Hollings, Jr., M.A, M.S.[5] PageID 861, 911-12, 922, 1252-53.  "[T]he Commissioner's regulations establish a hierarchy of

---

[5] Counselor Hollings, who has Master's degrees, is not an "acceptable medical source" as that term is defined in the regulations. *See* 20 C.F.R. § 404.1513(a). However, he does qualify as an "other source" under the regulations and his opinion is relevant in showing the severity of Plaintiff's impairment. 20 C.F.R.     § 1513(c). The factors an ALJ must consider in assessing "other source" opinions is set forth *infra*.

acceptable medical source opinions[.]" *Snell v. Comm'r of Soc. Sec.*, No. 3:12-cv-119, 2013 WL 372032, at *9 (S.D. Ohio Jan. 30, 2013).  In descending order, these medical source opinions are: (1) treaters; (2) examiners; and (3) record reviewers.  *Id*.  Treaters are entitled to the greatest deference because they "are likely to be . . . most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations[.]" 20 C.F.R. § 404.1527(c)(2).

A treater's opinion must be given "controlling weight" if "well-supported by medically acceptable clinical and laboratory diagnostic techniques and . . . not inconsistent with the other substantial evidence in [the] case record." *LaRiccia v. Comm'r of Soc. Sec.*, 549 F. App'x 377, 384 (6th Cir. 2013).  Even if a treater's opinion is not entitled to controlling weight, "the ALJ must still determine how much weight is appropriate by considering a number of factors, including the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and any specialization of the treating physician." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see also* 20 C.F.R. § 404.1527(c).[6]

After treaters, "[n]ext in the hierarchy are examining physicians and psychologists, who often see and examine claimants only once." *Snell*, 2013 WL 372032, at *9.  "The regulations provide progressively more rigorous tests for weighing opinions as the ties between the source of the opinion and the individual [claimant] become weaker." *Id*. (citing SSR 96-6p, 1996 WL

---

[6] In essence, "opinions of a treating source . . . must be analyzed under a two-step process, with care being taken not to conflate the steps." *Cadle v. Comm'r of Soc. Sec.*, No. 5:12-cv-3071, 2013 WL 5173127, at *5 (N.D. Ohio Sept. 12, 2013).  Initially, "the opinion must be examined to determine if it is entitled to controlling weight" and "[o]nly if . . . the ALJ does not give controlling weight to the treating physician's opinion is the opinion subjected to another analysis based on the particulars of" 20 C.F.R. § 404.1527.  *Id*.

374180, at *2 (July 2, 1996)).  Therefore, record reviewers are afforded the least deference and these "'non-examining physicians' opinions are on the lowest rung of the hierarchy of medical source opinions." *Id*.

Unless the opinion of the treating source is entitled to controlling weight, an ALJ must "evaluate all medical opinions" with regard to the factors set forth in 20 C.F.R. § 404.1527(c), *i.e.,* length of treatment history; consistency of the opinion with other evidence; supportability; and specialty or expertise in the medical field related to the individual's impairment(s).  *Walton v. Comm'r of Soc. Sec.*, No. 97-2030, 1999 WL 506979, at *2 (6th Cir. June 7, 1999).

In addition to "medical source opinions," opinions from "other sources" can be used to establish the severity of a claimant's impairment and establish how impairments affect a claimant's ability to work.  20 C.F.R. § 404.1513(d).  "Other sources" include medical sources such as nurse practitioners or counselors who do not qualify as "acceptable medical sources" under the regulations.  *Id*.  Although opinions from "other medical sources" who have treated a claimant are not entitled to controlling weight like those of a treating physician or psychologist, "other source" opinions may be entitled to *more* weight than "acceptable medical sources" under the unique circumstances of a given case.  SSR 06-03p, 2006 WL 2329939, at *5 (Aug. 9, 2006) (emphasis added).  In fact, the opinions of "other sources" may even be given more weight than a *treating* physician if the "other sources" have seen the claimant more frequently than the "acceptable sources" and have provided better explanations for their opinions.  *Id*.

ALJs must weigh the opinions of "other sources" using the factors set forth in 20 C.F.R. § 404.1527(c), *i.e.*, "how long the source has known the individual, how frequently the source has seen the individual, how consistent the opinion of the source is with other evidence, how well the source explains the opinion, and whether the source has a specialty or area of expertise

8

related to the individual's impairment." *Williamson v. Comm'r of Soc. Sec.*, No. 1:14-cv-731, 2016 WL 255033, at *8 (S.D. Ohio Jan. 20, 2016); *see also* 20 C.F.R. § 404.1527(c). ALJs should "explain the weight given" such opinions, "or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the [ALJ's] reasoning, when such opinions may have an effect on the outcome of the case." *Williamson*, at *8.

The undersigned specifically finds error in the ALJ's analysis of Dr. Turner's opinion. *See* PageID 68. Dr. Turner found Plaintiff limited in her ability to use her hands; to bend, stoop, or do any work that requires bending or twisting; and grasp items or perform repetitive hand movements. PageID 922. In total, Dr. Turner concluded that Plaintiff was disabled. *Id*. The ALJ gave Dr. Turner's opinion "little weight." PageID 68.

The Commissioner does not dispute that Dr. Turner is a treating physician. Doc. 11 at PageID 1430-34. In weighing Dr. Turner's opinion, however, the ALJ never discussed the concept of "controlling weight" and never specifically declined to afford his opinion controlling weight. *See Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004) (stating that the regulations are designed to "ensure[ ] that the ALJ applies the treating physician rule and permits meaningful review of the ALJ's application of the rule"). Such failure is error where the Court cannot determine whether the ALJ undertook the "two-step inquiry" required when weighing treating source opinions. *See Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376-78 (6th Cir. 2013); *Chrismon v. Colvin*, 531 F. App'x 893, 900 (10th Cir. 2013).

The only non-conclusory critique the ALJ provided of Dr. Turner's opinion was that his treatment notes consisted "primarily of checkmarks without observable clinical signs." PageID 68. "Putting aside for the moment whether the ALJ had a proper basis for [her] conclusion" in

that regard, such "analysis does not explain to which aspect of the controlling-weight test this critique is relevant." *Gayheart*, 710 F.3d at 376-77. Typically, however, such critique is a factor "properly applied only after the ALJ has determined that a treating-source opinion will not be given controlling weight." *Id*. at 376; *see also* 20 C.F.R. § 404.1527(c)(3) (stating that "[t]he more a medical source presents relevant evidence to support an opinion, particularly medical signs and laboratory findings, the more weight we will give that opinion"). Accordingly, the ALJ failed to follow the treating physician rule in assessing Dr. Turner's opinion and, thus, such assessment is unsupported by substantial evidence.

The ALJ's error in this regard is exacerbated by the ALJ's conclusory analysis of the weight accorded the opinions of record-reviewing physicians R. Toro, M.D.; J. Ruiz, M.D.; H. Kushner, M.D.; and Maria Congbalay, M.D.[7] PageID 70. Although the ALJ gave the opinion of each of these record reviewers "partial weight," the ALJ's analysis includes no more than a mere recapitulation of their opinion without any further analysis -- and without specifically setting forth what portion of those opinions the ALJ declined to adopt. *Id*.

Simply restating a medical source's opinion -- and offering a conclusory assessment of the weight given, without further discussion -- fails to satisfy the requirement that the ALJ provide meaningful explanation regarding all medical opinion evidence of record. *See* 20 C.F.R. § 404.1527(c); *see also Aytch v. Comm'r of Soc. Sec.*, No. 3:13-CV-135, 2014 WL 4080075, at *5-6 (S.D. Ohio Aug. 19, 2014), *report and recommendation adopted sub nom. Aytch v. Comm'r of Soc. Sec.*, No. 3:13-CV-135, 2014 WL 4443286 (S.D. Ohio Sept. 8, 2014*)* (citing *Chavez v. Astrue*, No. 12-cv-00627-LTB, 2012 WL 5250396, at *7 (D. Colo. Oct. 24, 2012)) (finding the ALJ's explanation "lacking" where the ALJ merely "recapitulated" the reasons stated by the medical expert for disagreeing with the opinion of a treating physician and failed to "provide his

---

[7] The record reveals only the first initial for Drs. Toro, Ruiz and Kushner.

reasons for according [the] opinion the...weight he did"). Accordingly, the ALJ's assessment of the record reviewers' opinions is unsupported by substantial evidence.

Based upon all of the foregoing, the undersigned concludes that the ALJ failed to appropriately weigh the opinions of Drs. Turner, Toro, Ruiz, Kushner, and Congbalay. Based upon such conclusion, the Court need not reach the issue of whether the ALJ also erred in assessing the opinions of Dr. Margolis and Counselor Hollings. Nevertheless, on remand, the ALJ should reassess the weight accorded to all opinion evidence of record.

### B. Determination of Medically Determinable Impairments

With regard to the ALJ's alleged error at Steps Two and Four, Plaintiff contends that the ALJ failed to sufficiently explain, at Step Two, whether a number of her impairments were medically determinable and -- for those that were found to be medically determinable, but otherwise non-severe -- to consider those impairments when assessing Plaintiff's RFC at Step Four. Doc. 10 at PageID 1423-27.

At Step Two of the evaluation process the ALJ must consider whether a claimant's impairment constitutes a "medically determinable impairment," *i.e.*, an impairment that results from anatomical, physiological, or psychological abnormalities, which can be shown by medically acceptable clinical and laboratory diagnostic techniques. *See* 20 C.F.R. §§ 404.1505, 404.1508, 404.1520(a)(4)(ii) and 404.1527(a)(1). If an alleged impairment is not medically determinable, an ALJ need not consider that impairment in assessing the RFC. *See Rouse v. Comm'r of Soc. Sec.*, No. 2:16-CV-0223, 2017 WL 163384, at *4 (S.D. Ohio Jan. 17, 2017) (stating that a "claimed condition which is not 'medically determinable' need not be considered at all" in determining a claimant's RFC); 20 C.F.R. §§ 404.1527(a)(1), 20 C.F.R. § 404.1545(a)(2).

If an impairment is medically determinable, an ALJ must next decide whether that impairment is severe or non-severe. *See* 20 C.F.R. § 404.1520(a)(4)(ii). If all medially determinable impairments are non-severe, the ALJ's analysis ends and Plaintiff is not disabled. *See* 20 C.F.R. § 404.1520(c). If, however, the ALJ determines that Plaintiff has one or more severe impairments at Step Two, the ALJ must then consider the limiting effects of all impairments, severe and non-severe, when determining Plaintiff's RFC at Step Four. *See* 20 C.F.R. § 1523; *White v. Comm'r of Soc. Sec.*, 312 F. App'x 779, 787 (6th Cir. 2009) (holding that, "[o]nce one severe impairment is found, the combined effect of all impairments must be considered, even if other impairments would not be severe"); *see also Johnson v. Colvin*, No. 3:13cv301, 2014 WL 6603376, at *7-8 (S.D. Ohio Nov. 19, 2014). If an ALJ considers the limiting effects of both severe and non-severe impairments in determining the RFC, any error in failing to find a particular impairment severe is harmless. *White*, 312 F. App'x at 787.

In this case, the ALJ found at Step Two that Plaintiff suffered from numerous severe impairments. *See* PageID 59-60. The ALJ also found that:

> In addition to her medically determinable, severe impairments, the claimant has alleged, and her treatment records disclose, several diagnoses which the undersigned finds are not medically determinable impairments, or that are nonsevere, *to wit*: a history of Wolf[f]-Parkinson White syndrome, Epstein Barr, hepatitis C, tinea maims, hypothyroidism, lymphadema, essential hypertension, mononeuritis, "conduction disorder of the heart," irritable bowel syndrome ["IBS"], stenosis of rectum and anus, rheumatoid arthritis, degenerative joint disease of multiple joints, osteoarthritis of knee, arthropathy, displacement of cervical intervertebral disc, fibromyositis, sleep apnea, and amnesia.

PageID 62. Unfortunately, as conceded by the Commissioner on appeal, *see* Doc. 11 at PageID 1437, the ALJ never continued her analysis to distinguish which of these alleged impairments were not medically determinable, and which were medically determinable but otherwise non-severe. *Id.* Such failure can be error. *See Rouse*, *supra* (finding error, albeit harmless error);

*Weitzel v. Colvin*, 967 F. Supp. 2d 1089, 1097 (M.D. Pa. 2013) (holding that the ALJ's "failure . . . to find the above noted conditions as medically determinable impairments, or to give an adequate explanation for discounting them, makes his decisions at [S]teps [T]wo and [F]our of the sequential evaluation process defective").

However, as set forth above, any error at Step Two is harmless if the ALJ considers all impairments in determining Plaintiff's RFC.  *White v. Comm'r of Soc. Sec.*, 312 F. App'x 779, 787 (6th Cir. 2009).  Finding remand appropriate to reassess medical source opinions of record, the undersigned makes no finding as to whether the ALJ erred in this regard, or whether such error is harmless.  Instead, on remand, the ALJ should reassess the evidence of record, explain which impairments are medically determinable, which medically determinable impairments are non-severe and which are severe, and consider all severe and non-severe impairments in assessing Plaintiff's RFC.

### IV.

When the ALJ's non-disability determination is unsupported by substantial evidence, the Court must determine whether to remand the matter for rehearing or to award benefits. Generally, benefits may be awarded immediately "if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits."  *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Abbott v. Sullivan*, 905 F.2d 918, 927 (6th Cir. 1990).  The Court may award benefits where proof of disability is strong and opposing evidence is lacking in substance, so that remand would merely involve the presentation of cumulative evidence, or where proof of disability is overwhelming.  *Faucher*, 17 F.3d at 176; *see also Felisky v. Bowen*, 35 F.3d 1027, 1041 (6th Cir. 1994).

Here, evidence of disability is not overwhelming and therefore, remand under Sentence Four for further proceedings is proper so that the ALJ can hold another administrative hearing and assess all opinion evidence of record anew in light of the foregoing findings.

**V.**

**IT IS THEREFORE RECOMMENDED THAT**:

1. The Commissioner's non-disability finding be found unsupported by substantial evidence, and **REVERSED**;

2. This matter be **REMANDED** to the Commissioner under the Fourth Sentence of 42 U.S.C. § 405(g) for proceedings consistent with this opinion; and

3. This case be **CLOSED**.

Date:   February 10, 2017                                s/ Michael J. Newman
                                                        Michael J. Newman
                                                        United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation. This period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d). Parties may seek an extension of the deadline to file objections by filing a motion for extension, which the Court may grant upon a showing of good cause.

Any objections filed shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.

A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. As noted above, this period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).